UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA ENVIRONMENTAL PROTECTION ASSOCIATION, <br><br> Plaintiff, <br><br> v. <br><br> SONOMA SOIL BUILDERS, LLC, <br><br> Defendant. | Case No. 15-cv-04880-KAW <br><br> **MODIFIED ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL** <br><br> Re: Dkt. No. 34 |

Stephan C. Volker moves to withdraw his firm as Plaintiff California Environmental Protection Association's counsel. (Mot. to Withdraw, Dkt. No. 34.) Plaintiff did not file an opposition to Attorney Volker's motion to withdraw. The Court held a hearing on the motion on April 20, 2017; Attorney Volker appeared at the hearing, but Plaintiff did not. (Dkt. No. 36.)

Having reviewed the parties' filings, the Court GRANTS Attorney Volker's motion to withdraw as counsel.

## I. BACKGROUND

Plaintiff filed the instant case on October 23, 2015, alleging violations under the Federal Pollution Control Act, also known as the Clean Water Act ("CWA"). (Compl. ¶ 1, Dkt. No. 1.) On February 2, 2016, Attorney Volker was substituted in as attorney. (Dkt. No. 10.) On September 23, 2016, the Court granted a stipulation between the parties which continued case management and discovery dates. (Dkt. No. 30.) The parties stipulated to the following deadlines: service of initial disclosures by February 15, 2017; service of discovery requests by March 20, 2017; service of deposition notices by April 18, 2017; commencement of depositions after July 17, 2017; service of subpoenas on third parties by August 21, 2017; service of expert reports by October 23, 2017; service of expert rebuttal reports by November 27, 2017;

commencement of expert depositions by December 11, 2017 (Plaintiff) and January 22, 2018 (Defendants); and completion of all discovery by February 19, 2018. (*Id.* at 2-3.)

On January 17, 2017, Plaintiff moved for an extension of all deadlines by 90 days, in order to allow the parties to complete settlement negotiations. (Dkt. No. 32.) The Court granted Plaintiff's motion. (Dkt. No. 33.)

On March 9, 2017, Plaintiff's counsel moved to withdraw as attorney. In his declaration, Attorney Volker explained that Plaintiff had failed to reimburse his firm for case costs within 30 days of counsel's presentation of such costs to Plaintiff. (Volker Decl. ¶ 3; Dkt. No. 34.) Attorney Volker also stated there was a breakdown in communications. (Volker Decl. ¶ 6.) Specifically, Attorney Volker would contact Plaintiff's president, Mr. Gerard Duenas, seeking contact information on Plaintiff's Board of Directors and members allegedly harmed by Defendants' violations, as well as identification of evidence "essential to compliance with the requirements of Rule 26(a)(1) of the Federal Rules of Civil Procedure regarding 'Initial Disclosure' of such information." (Volker Decl. ¶ 4.) Despite repeated attempts for such information, Attorney Volker was "unable to secure prompt, accurate and complete information from Mr. Duenas." In the motion, Attorney Volker also notes that "relatedly, ethical considerations require withdrawal of counsel." (Mot. to Withdraw at 3.)

On December 1, 2016, Attorney Volker informed Mr. Duenas by phone that the failure to communicate "rendered it unreasonably difficult" to continue representing Plaintiff. (Volker Decl. ¶ 6.) Attorney Volker stated he would request to be withdrawn as counsel unless Plaintiff substituted other counsel to represent it. On December 29, 2016, Attorney Volker reminded Mr. Duenas of his intent to withdraw by mail and e-mail. Attorney Volker also explained to Mr. Duenas that because Plaintiff was a corporation, "it could not appear *in propria persona* and would need to secure substitute counsel." Attorney Volker's letter also gave "detailed reasons compelling our withdrawal." (*Id.*)

On January 17, 2017, Mr. Duenas responded to Attorney Volker by letter, declining to assent to Attorney Volker's withdrawal as counsel. (Volker Decl. ¶ 7.) Attorney Volker also asserts that Plaintiff failed to find and refused to substitute new counsel, "and that the

communication failure necessitating this motion to withdraw have not been rectified." (*Id.*)

On March 9, 2017, Attorney Volker moved to withdraw as counsel. On March 10, 2017, Attorney Volker filed a proof of service, stating that he arranged for service of the motion to withdraw of counsel to Plaintiff by e-mail and mail. (Dkt. No. 35.) As of the date of this order, no opposition has been filed by the parties.

## II. LEGAL STANDARD

Under Civil Local Rule 11-5(a),"[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." The rule further provides that:

> When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se. When this condition is imposed, counsel must notify the party of this condition. Any filed consent by the party to counsel's withdrawal under these circumstances must include acknowledgment of this condition.

Civil L.R. 11-5(b).

Withdrawal is governed by the California Rules of Professional Conduct. *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to withdrawal by attorney). California Rule of Professional Conduct 3-700(C) sets forth several grounds under which an attorney may request permission to withdraw. Counsel may withdraw from representation in any matter in which the client "breaches an agreement or obligation to the member as to expenses or fees," has made it "unreasonably difficult for the member to carry out the employment effectively," or "knowingly and freely assents to termination of the employment." Cal. Rules of Prof'l Conduct 3-700(C)(1)(d), (f) & (C)(5). The court has discretion to grant or deny a motion to withdraw, and it can exercise that discretion, and decide to deny such a motion, "where such withdrawal would work an injustice or cause undue delay in the proceeding." *Gong v. City of Alameda*, No. 03-5495 TEH, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) (internal citation and quotations omitted).

United States District Court
Northern District of California

### III.  DISCUSSION

Attorney Volker moves to withdraw on the following grounds: (1) that there has been irreconcilable breakdown in the attorney-client relationship, preventing Attorney Volker from discharging his responsibilities to represent Plaintiff; (2) that related ethical considerations require withdrawal; and (3) that Plaintiff has breached an agreement regarding payment of expenses. (Mot. at 3.)  Attorney Volker has also submitted a declaration describing his inability to obtain basic information about Plaintiff's Board of Directors and the members who have allegedly been harmed by Defendants' violations of the CWA, as well as identification of evidence essential to complying with Plaintiff's initial disclosure obligations.  (Volker Decl. ¶ 4.)  Attorney Volker also states that Plaintiff has failed to pay his firm's costs, as required by his agreement with Plaintiff. (Volker Decl. ¶ 3.)

The Court finds that good cause exists to grant Attorney Volker's motion to withdraw. Attorney Volker has attested that Plaintiff has not paid its legal bills, and has failed to communicate with its attorney, preventing Attorney Volker from fulfilling his legal obligations. (Volker Decl. ¶¶ 3-5.)  Both of these are independently valid grounds for withdrawal. Additionally, Attorney Volker identifies ethical considerations that he states justifies withdrawal. Although Plaintiff was informed of Attorney Volker's intent to withdraw prior to the instant motion, and served with the motion to withdraw, neither they nor Defendants have objected to the motion.  There has been no showing that withdrawal would work an injustice or cause undue delay of existing deadlines.  Accordingly, the Court GRANTS the motion to withdraw.

### IV.  CONCLUSION

For the reasons stated above, the Court GRANTS Attorney Volker's motion to withdraw. Because Plaintiff has not consented to the withdrawal and no substitution of counsel has been filed, all papers from the court and from Defendants shall continue to be served on Plaintiff's counsel for forwarding purposes until a substitution of counsel is filed.  *See* Civil L.R. 11-5(b). The Court also STAYS the case for 30 days, to allow Plaintiff reasonable time to find new counsel and file a substitution of counsel.  Although corporations may not appear in court *pro se*, *see Bigelow v. Brady*, 179 F.3d 1164, 1165 (9th Cir. 1999), if Plaintiff has not found counsel within

1    30 days of this order, Plaintiff shall submit a letter to the Court on the efforts it has made to obtain

2    new counsel.  The Court advises Plaintiff that failure to find new counsel or comply with Court

3    orders may result in this case being dismissed.  *See Brite Smart Corp. v. Google, Inc.*, Case No.

4    5:15-cv-3962-BLF, 2016 WL 1070667, at *1 (N.D. Cal. Mar. 16, 2016) (dismissing case for

5    failure to prosecute where corporate plaintiff was unable to obtain counsel to prosecute the case);

6    *Greenspan v. Admin. Office of the U.S. Courts*, Case No. 14cv2396 JTM, 2014 WL 6847460, at

7    6* (N.D. Cal. Dec. 4, 2014) (dismissing corporate plaintiff from an action due to failure to obtain

8    legal representation).

9         Attorney Volker is instructed to serve this order on Plaintiff, and to file a proof of service

10   of such service.

11        IT IS SO ORDERED.

12   Dated: April 20, 2017

13   _____
     KANDIS A. WESTMORE

14   United States Magistrate Judge