UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA ENVIRONMENTAL PROTECTION ASSOCIATION,<br>Plaintiff,<br>v.<br>SONOMA SOIL BUILDERS, LLC, et al.,<br>Defendants. | Case No. 15-cv-04880-KAW<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND THE COMPLAINT**<br>Re: Dkt. No. 68 |

On October 23, 2015, Plaintiff California Environmental Protection Association filed the instant suit against Defendant Sonoma Soil Builders, LLC ("SSB"), alleging violations of the Clean Water Act ("CWA"). (Compl., Dkt. No. 1.) Plaintiff filed a first amended complaint on June 9, 2016 and a second amended complaint on October 2, 2017, the latter of which added Defendant Shiloh Oaks Co., LLC ("Shiloh Oaks"). (First Amended Compl. ("FAC"), Dkt. No. 15; Second Amended Compl. ("SAC"), Dkt. No. 52.)

On January 24, 2018, Plaintiff moved for leave to amend the complaint. (Plf.'s Mot., Dkt. No. 68.) Plaintiff seeks to add two new defendants and a new facility site at which Defendant Sonoma Soil Builders, LLC is allegedly now operating. (*Id.* at 3.) Upon consideration of the parties' filings, as well as the arguments presented at the March 1, 2018 hearing, Plaintiff's motion for leave to amend is DENIED.

## I. BACKGROUND

Plaintiff brought this action against Defendant SSB, asserting that Defendant SSB was the owner, operator, and/or manager of a facility at 5900 Pruitt Avenue ("Pruitt Facility"), where CWA violations were allegedly occurring. (Compl. ¶ 2.) On September 5, 2017, the Court held a case management conference, and set a deadline for amendment of the complaint for September

30, 2017.  On October 2, 2017, Plaintiff late-filed its second amended complaint, adding Defendant Shiloh Oaks as a defendant.  (SAC ¶ 13.)  Plaintiff alleged that Defendant Shiloh Oaks is the legal owner of the property that the Pruitt Facility is located on.  (SAC ¶ 13.)

On January 9, 2018, the Court held a further case management conference, in which trial deadlines were set.  (Dkt. No. 66.)  During the case management conference, the Court observed that it was well beyond the last date to amend deadline that the Court had previously set.  The Court noted that if Plaintiff intended to add new claims based on new facts, Plaintiff would need to file a motion for leave to amend.

On January 24, 2018, Plaintiff filed the instant motion for leave to amend.  First, Plaintiff proposes adding SoCo Investments, LLC ("SoCo") as a defendant.  (Plf.'s Mot. at 3.)  Plaintiff states that SoCo has been the owner of the site that the Pruitt Facility is located on since August 23, 2017.  (*Id.* at 5.)  Second, Plaintiff seeks to add claims regarding Defendant SSB's new facility at 3705 Mark West Station Road ("Mark West Facility").  (*Id.* at 3.)  Plaintiff states that Defendant SSB has been operating at the Mark West Facility since March 2017.  (*Id.* at 7.)  Plaintiff also proposes adding Sunrise Farms, LLC as a defendant.  (*Id.* at 3.)  Sunrise Farms, LLC is the current legal property owner of the site on which the Mark West Facility is located.  (*Id.*)

On February 7, 2018, Defendant SSB opposed Plaintiff's motion for leave to amend, on the ground that the claims related to the Mark West Facility belonged in a separate lawsuit because it "would be a separate and distinct violation."  (SSB Opp'n at 2, Dkt. No. 70.)  Defendant SSB also argued that the addition of SoCo would likely result in delays to the trial schedule and an increase in the costs of litigation, prejudicing SSB.  (*Id.*)

On February 19, 2018, Plaintiff filed its reply brief.  (Plf.'s Reply, Dkt. No. 71.)  Plaintiff provided no explanation for why the reply brief was filed late.

## II.  LEGAL STANDARD

"Where, as here, the Court's scheduling orders do not set a deadline for amendments to the pleadings, a motion for leave to amend is evaluated under Federal Rule of Civil Procedure 15." *Sumotext Corp. v. Zoove, Inc.*, Case No. 16-cv-1370-BLF, 2017 WL 2774382, at *2 (N.D. Cal.

June 26, 2017).[1] Rule 15(a)(2) states that a party may amend its pleadings with the opposing party's written consent or the court's leave, but advises that "[t]he court should freely give leave when justice so requires." Thus:

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue or allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Ninth Circuit has found that "consideration of prejudice to the opposing party . . . carries the greatest weight," such that "[p]rejudice is the touchstone of the inquiry under Rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (internal quotation omitted). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.*

## III. DISCUSSION

As an initial matter, the Court STRIKES Plaintiff's reply brief as untimely filed. Plaintiff's reply was due by February 14, 2018, but Plaintiff did not file its reply until February 19, 2018. Moreover, Plaintiff provided no explanation for this delay. Accordingly, the Court will not consider this late filing.

The parties' primary disputes are whether the proposed amendment is futile as to the addition of SoCo, and whether amendment would be prejudicial.

### A. Pruitt Facility

At the hearing, counsel for Shiloh Oaks argued that amendment of the complaint to add SoCo would be futile because a citizen suit cannot be brought where the polluting activity has already ceased.

Where there is no enforcement action by the government, the CWA permits private

---

[1] Although the amendment deadline was not included in the scheduling order, it was given at the case management conference. (*See* Dkt. No. 51.) Due to the absence of the amendment deadline in the scheduling order, the Court applies Rule 15.

citizens to "commence a civil action on his own behalf against any person . . . who is alleged to be in violation of (A) an effluent standard or limitation . . . or (B) an order issued by the Administrator or a State with respect to such a standard or limitation . . . ." 33 U.S.C. § 1365(a). In *Gwaltney of Smithfield v. Chesapeake Bay Foundation*, the Supreme Court found that the "to be in violation" language "require[s] that citizen-plaintiffs allege a state of either continuous or intermittent violation -- that is, a reasonable likelihood that a past polluter will continue to pollute in the future." 484 U.S. 49, 57 (1987). Further, the CWA "does not authorize civil penalties separately from injunctive relief." *Id.* at 58. Rather, citizens "may seek civil penalties only in a suit brought to enjoin or otherwise abate an ongoing violation." *Id.*

Here, the sole basis of SoCo's liability is its landlord/tenant relationship with Defendant SSB from August 23, 2017 to October 31, 2017. (*See* Proposed Third Amended Compl. ¶¶ 17, 20 ("CEPA first provided Notice to Defendant SOCO of its Lessee/Tenant Defendant SONOMA SOIL's ongoing violations").) Since October 31, 2017, however, Defendant SSB's operations at the Pruitt Facility have ended, and Plaintiff does not suggest that there are continuing CWA violations at the site following the cessation of Defendant SSB's operations. (*See* Plf.'s Mot. at 5 ("Plaintiff confirmed . . . that Defendant [SSB] was continuing to operate at th[e Pruitt Facility] site *until recently*").) Plaintiff also does not suggest that there is any risk of future CWA violations at the Pruitt Facility site. Under these circumstances, there is no ongoing violation that Plaintiff could bring a citizen suit against SoCo.

Plaintiff argued at the hearing that cases are not necessarily mooted by the cessation of activities at a site. In general, "[t]hat a defendant ceases illegal conduct following the commencement of suit 'ordinarily does not suffice to moot a case' because civil penalties still serve as a deterrent to future violations.'" *San Francisco Baykeeper v. Tosco Corp.*, 309 F.3d 1153, 1159-60 (9th Cir. 2002) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 174). Thus, while "[p]ostcommencement compliance may moot claims for injunctive relief, . . . district courts can still impose civil penalties for violations that have already taken place." *Id.* at 1160. It is "[o]nly when it is 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur' will events following the commencement of a

4

United States District Court<br>Northern District of California

suit moot a claim for civil penalties." *Id.* (quoting *Laidlaw*, 528 U.S. at 189).

This principle, however, does not apply to SoCo because it concerns compliance or cessation of activities *after* the lawsuit was already filed against the defendant. Here, by contrast, SoCo is *not* yet a party to this suit, and will not be until they are named in the suit by filing the third amended complaint. *See Cal. Sportfishing Protection Alliance v. USA Waste of Cal., Inc.*, No. CIV. 2:11-2663 WBS KJN, 2012 WL 2339810, at *5 (E.D. Cal. June 19, 2012) ("courts have held that for the purposes of determining compliance with a notice and delay provision relating to a claim that appears for the first time in the amended complaint,ent, the court should look to the filing of the amended complaint to determine when the action was commenced"). In other words, the lawsuit against SoCo will not commence until the third amended complaint is filed, which would also be after the Pruitt Facility has ceased operations and the CWA violations have ended. Thus, a case brought against SoCo at this juncture would be based solely on past violations, and the Supreme Court has made clear that "private plaintiffs . . . may not sue to assess penalties for wholly past violations." *Laidlaw*, 528 U.S. at 188.

Because Plaintiff cannot bring suit against SoCo based solely on a past violation, the Court finds that amendment to add SoCo would be futile. On this basis, the Court DENIES Plaintiff's motion to amend the complaint to add SoCo as a defendant.

### B. Mark West Facility

The Court finds that the addition of the claims regarding the Mark West Facility would prejudice Defendants, as it adds entirely new claims based on new facts, including a distinct facility and permit (or lack thereof). The new claims would also unnecessarily complicate the case, as the claims regarding the Pruitt Facility would have no connection to proposed defendant Sunrise Farms, while the claims regarding the Mark West Facility would have no relevance to Defendant Shiloh Oaks. While Plaintiff may be correct that it could bring a new suit based on the Mark West Facility, that does not mean that *this* action, which concerns a completely distinct set of facts, is the proper vehicle to bring these claims. This is especially the case where the

amendment deadline has long passed,[2] and the trial deadlines have been set; injecting new claims based on different facts would necessarily result in a delay to allow the parties to conduct additional discovery and any necessary motion practice. The Court, therefore, DENIES Plaintiff's request to amend the complaint to add facts, claims, and defendants related to the Mark West Facility.

## IV. CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's motion to amend.

IT IS SO ORDERED.

Dated: March 9, 2018

                                            KANDIS A. WESTMORE
                                            United States Magistrate Judge

---

[2] When the Court asked why Plaintiff did not seek to timely amend, as it had learned of the Mark West Facility in September 2017, Plaintiff responded that it had "slipped off the radar."