

**U.S. Department of Justice**

Environment and Natural Resources Division

90-1-24-04835

*Law and Policy Section*  *Telephone (202) 514-1442*
*P.O. Box 7415*  *Facsimile (202) 514-4231*
*Ben Franklin Station*
*Washington, DC 20044-7415*

<u>**VIA ELECTRONIC CASE FILING**</u>

July 6, 2018

Clerk's Office
United States District Court
Northern District of California, San Francisco
450 Golden Gate Avenue, Box 36060
San Francisco, CA 94102-3489

    Re:    *California Environmental Protection Association v. Sonoma Soil Builders*, U.S. District Court for the Northern District of California, Case No. 4:15-cv-4880-KAW

Dear Clerk of Court:

    I am writing to notify you that the United States has reviewed the proposed settlement agreement in the above-captioned case and does not object to the agreement.

    On May 22, 2018, the Citizen Suit Coordinator for the Department of Justice received a copy of the proposed settlement agreement for review pursuant to Clean Water Act, 33 U.S.C. § 1365(c)(3). This provision provides, in relevant part:

> No consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator.

*See also* 40 C.F.R. § 135.5 (service on Citizen Suit Coordinator in the U.S. Department of Justice). A settlement that does not undergo this federal review process is at risk of being void.[1]

    Congress included these notification provisions in the Clean Water Act for a number of reasons, including so the United States can follow a case and point out to a court where a ruling or decree would be inconsistent with the government's enforcement program or interpretation of the Clean Water Act. Congress also intended for the notice requirements to help encourage more consistent enforcement settlements and

---

[1] For purposes of the United States' right of review, the term "consent judgment" in the Clean Water Act citizen suit provision has a broad meaning, and encompasses all instruments entered with the consent of the parties that have the effect of resolving any portion of the case. For example, the United States views a document stipulating to dismissal of a case or any part thereof would be within the scope of this language. Such documents and any associated instruments (even if not submitted to the Court) must be submitted to the United States for review, notwithstanding any provisions purporting to maintain the confidentiality of such materials. The Department monitors citizen suit litigation to review compliance with this requirement.

discourage the abuse of the citizen enforcement provisions. *See* 131 Cong. Rec. S3645 (daily ed. March 28 1985). In its review, the United States seeks to ensure that a consent judgment complies with the requirements of the relevant statute and is consistent with its purposes. *See Local 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525-26 (1986) (a consent decree should conform with and further the objectives of the law upon which the complaint was based). If the defendant has been out of compliance with statutory or permit requirements, the proposed consent judgment should require the defendant to come into prompt compliance and should include a civil penalty, enforceable remedies, injunctive relief, and/or a supplemental environmental project (SEP) payment sufficient to deter future violations.

In its complaint, filed on October 23, 2015, California Environmental Protection Association ("Plaintiff") alleges various violations of sections 301(a) and 402 of the Clean Water Act (the "Act"), 33 U.S.C. § 1311(a) and § 1342, and specifically the California General Permit for Stormwater Discharges Associated with Industrial Activities (Industrial General Permit, Order 2014-0057-DWQ) ("General Permit") issued pursuant to 33 U.S.C. § 1342, for the unlawful discharge of pollutants and violations of storm-water permit requirements from a facility operated by Sonoma Soil Builders, Inc. ("Sonoma Soil"). Plaintiff's counsel has represented that operations at the site ceased as of November 1, 2017, and our understanding is that the Regional Water Board has determined that the facility is no longer subject to the terms of the General Permit. *See* Exhibit 1.

The proposed settlement agreement provides for no injunctive relief, aside from a general requirement that Sonoma Soil maintain compliance with the applicable requirements of the General Permit and Clean Water Act with respect to the facility. The proposed agreement also provides for no civil penalty or SEP. The proposed agreement does provide for a payment of $15,000 in "investigative, expert and attorneys' fees and costs." Plaintiff's counsel has clarified that this payment will cover only attorneys' fees and costs. *See* Exhibit 1. Our understanding is that no portion of this payment will be made to Plaintiff.

Given that the facility is now closed and no longer subject to the terms of the General Permit, it is understandable that the proposed settlement agreement does not contain specific injunctive relief. The lack of civil penalty or SEP to mitigate the alleged harm from the alleged violations is concerning, and the United States notes that one aspect of the government's review of proposed citizen suit consent judgments involves ensuring that a particular litigant does not have a pattern of securing attorney's fees without obtaining Clean Water Act relief. The United States does recognize, however, that the proposed settlement agreement necessarily reflects numerous factors including past litigation cost, the parties' respective litigation risk, and the cost to pursue litigation further.

In light of the above, and as stated previously, the United States does not object to the proposed settlement agreement in this case. The United States notes, however, that monitoring cases for unusual or inappropriate patterns of conduct is part of its federal review role. The United States has identified the concerns expressed above with respect to the present case, and will notify the court if it identifies a pattern of unusual or appropriate activity in future cases involving a party to this case. The United States reserves the right to object to similar conduct in future cases if it concludes such an objection is warranted."

The United States affirms for the record that it is not bound by this settlement. *See, e.g., Hathorn v. Lovorn*, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound by cases to which he was not a party); *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found. Inc.*, 484 U.S. 49, 60 (1987) (explaining that citizen suits are intended to "supplement rather than supplant governmental action"); *Sierra Club v. Electronic Controls Design*, 909 F.2d 1350, 1356 n.8 (9th Cir. 1990) (explaining that the United States is not bound by citizen suit settlements, and may "bring its own enforcement action at any time"); 131 Cong. Rec. S15,633 (June 13, 1985) (statement of Senator Chafee, on Clean Water Act section 505(c)(3), confirming that the United

States is not bound by settlements when it is not a party).  The United States notes that, if the parties subsequently propose to modify any final consent judgment entered in this case, the parties should so notify the United States, and provide a copy of the proposed modifications, 45 days before the Court enters any such modifications.  *See* 33 U.S.C. §1365(c)(3).

     We appreciate the attention of the Court.  Please contact the undersigned at (202) 514-1307 if you have any questions.

                            Sincerely,

                            */s/ Cheryl A. Mackay*

                            Cheryl A. Mackay, Attorney
                            U.S. Department of Justice
                            Environment and Natural Resources Division
                            Law and Policy Section
                            P.O. Box 7415
                            Ben Franklin Station
                            Washington, D.C.  20044-7415

cc:    Counsel of Record via ECF